UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Civil Action No. 1:18-CV-0552 (TJM/CFH) |
| Plaintiff | ) | |
| **v.** | ) | |
| | ) | |
| $15,290.00 in U.S. Currency | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERIFIED COMPLAINT OF FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Grant C. Jaquith, United States Attorney for the Northern District of New York, and Tamara B. Thomson, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

## NATURE OF ACTION

1)      This is an action to forfeit and condemn to the use and benefit of the United States of America the following currency: $15,290.00 in U.S. Currency in violation of Title 21, United States Code, Sections 841 and 846.

## THE DEFENDANT IN REM

2)      The defendant currency $15,290.00 ("defendant currency") was seized from Randolph X. Andino on October 29, 2017, on Interstate 87 near Coxsackie, in Greene County, New York.

3)      The defendant currency is presently in the custody of the United States Marshal Service in Syracuse, New York.

## JURISDICTION AND VENUE

4)      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant

currency.  This Court has jurisdiction over an action commenced by the United States under 28

U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5)      This Court has *in rem* jurisdiction over the defendant currency under 28 U.S.C. § 1355(b).

Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in*

*rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property

pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6)      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts

or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7)      The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

21 U.S.C. § 881(a)(6) provides for the forfeiture of:

> all moneys, negotiable instruments, securities, or other things of
> value furnished or intended to be furnished by any person in
> exchange for a controlled substance or listed chemical in violation
> of 21 U.S.C. §§ 801 et seq., all proceeds traceable to such an
> exchange, and all moneys, negotiable instruments, and securities
> used or intended to be used to facilitate any violation of 21 U.S.C.
> §§ 801, *et seq.*

*Id.*

## FACTS

8)      The facts alleged in this complaint are based upon information and belief, the sources of

which are reports from the Federal Bureau of Investigation ("FBI"), and other written and oral

information officially received by the Office of the United States Attorney for the Northern District

of New York.

9)      On or about October 29, 2017, a New York State Police Officer (NYSP) observed a gold

2004 Honda Odyssey vehicle on I-87 northbound in the Town of Coxsackie, Greene County, with

two children in the backseat, not wearing seat belts.  The NYSP Officer activated his emergency

lights and observed the two children attempting to place seat belts on as he stopped the vehicle.

The operator of the vehicle was identified as Randolph X. Andino (hereinafter "Andino") of Troy,

New York, and the front seat passenger was Pedro Guerrero (hereinafter "Guerrero").

10)     Upon interviewing the Andino and Guerrero, separately, it was revealed that Andino did

not know Guerroro's name.  Further, the two men provided conflicting information as to where

they were coming from and why they were in New York City.

11)     The NYSP officer discovered that Andino was on state parole for criminal possession of

a controlled substance 3rd degree, and was traveling back from New York City, outside his assigned

county, without a valid travel permit from his parole officer.

12)     The  NYSP officer requested permission to search the vehicle.  Andino denied having

anything in the vehicle, including currency.  After receiving consent to search the vehicle, the

NYSP officer utilized a certified drug-detection canine who alerted to a black Nike sneaker box in

the trunk of the vehicle.  The box contained 8 rubber-banded bundles of U.S. Currency.  Andino

was interviewed and stated that it was around $15,000 in U.S. Currency and that he had saved it

from working to purchase a vehicle.  Andino later stated that he saved the money by working even

though he had been released from New York State DOCCS custody to Parole on July 11, 2017,

only 3 months prior to the stop.

13)     Andino changed his story multiple times and stated that he saved some of the money, while

borrowing the remainder from his mother and sister to purchase a vehicle.  Andino advised that he

traveled to the New York City area to see his sick mom and to look at a vehicle but the dealer would not take $15,000 for the vehicle.

14)     When asked, Andino could not provide the name of the dealership where he looked at the vehicle and gave two different street addresses for its location.

15)     Andino has lengthy criminal history beginning in 1999, his most recent convictions are:

a)     November 20, 2010: Andino was arrested and charged in Troy City Court with Criminal Possession Controlled Substance in the 3rd degree; Criminal Possession Controlled Substance in the 3rd degree intent to sell; Criminal Possession Controlled Substance, Narcotic; and Criminal Possession of a Weapon in the 3rd degree.  Andino was convicted upon a plea of guilty on September 26, 2011, and sentenced to 6 to 7 years.  Andino was released on July 11, 2017 to NYS DOCCS.

b)     December 9, 2005, Andino was arrested and charged by Troy City Police with Criminal Sale of Controlled Substance in the 3rd degree. Andino was convicted upon a plea of guilty of Criminal Sale of Controlled Substance in the 5th degree and was sentenced to 18 months with one year of post release supervision.

16)     On February 23, 2018, Troy City Police Officers responded to assist in a search for a subject involved in a domestic incident.  Officers observed a male matching the description of the subject involved in the domestic dispute walking northbound on Oakwood Avenue in the area of H & V collision.  As the Officers were pulling up to the subject, identified as Randolph X. Andino, was observed throwing an object to the ground.  An assisting officer picked up the object, which was a paper towel and inside was a clear plastic bag containing a white chunk like substance.  The chunk like substance tested positive for cocaine. Andino was arrested and charged with Possession

of a Controlled Substance in the 3rd degree and Possession of a Controlled Substance in the 5th degree.

## POTENTIAL CLAIMANTS

17)   On or about February 7, 2018, the Federal Bureau of Investigation received an administrative claim from Trevor W. Hannigan, Esq. on behalf of Randolph X. Andino for the defendant currency.

18)   Upon information and belief, the following person/s who may claim an interest in the defendant vehicle are not in the military service, are not infants and are not incompetent persons

**WHEREFORE**, the United States of America prays that process of issue in due form of law, according to the course of this Court in actions *in rem*, against the defendant currency and that a warrant issue for the arrest of the defendant as more particularly described herein; that all persons having any interest therein be cited to appear herein and answer the complaint; that a judgment be entered declaring the defendant condemned and forfeited to the United States of America for disposition in accordance with law; that the costs of this suit be paid to and recovered by the United States of America; and that the United States be granted such other and further relief as this Court may deem just and proper.

Dated: May 8, 2018

GRANT C. JAQUITH
United States Attorney

By:   /s _____
Tamara B. Thomson
Assistant United States Attorney
Bar Roll No. 515310

**VERIFICATION**

STATE OF NEW YORK      )
                       )  ss:
COUNTY OF ALBANY       )


Henry J. Abeel, being duly sworn, deposes and states:

I am a Task Force Officer with the Federal Bureau of Investigation.  I have read the foregoing Complaint for Forfeiture and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this ___8TH___ day of May, 2018.

_____
Henry J. Abeel, Task Force Officer
Federal Bureau of Investigation


Sworn to and subscribed before me this ___8___ day of May, 2018.

_____
Notary Public

JESSICA VELLANO
NOTARY PUBLIC - STATE OF NEW YORK
No   1VE6053483
Qualified in Rensselaer County
My Commission Expires January 08, 20__

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | $15,290.00 in U.S. Currency |

| (b) County of Residence of First Listed Plaintiff Albany | County of Residence of First Listed Defendant Greene |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Tamara Thomson, Assistant U.S. Attorney (315) 448-0672 United States Attorney's Office, 100 South Clinton Street Syracuse, New York 13261 | Trevor Hannigan, Esq., 311 State Street, Albany, New York 12210 (518)729-5211 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Med. Malpractice | ☒ 625 Drug Related Seizure |     28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability    ☐ 365 Personal Injury - |     of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander    ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |     Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability     Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** |     Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product    ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability    ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle     Property Damage |     Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability    ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |     12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury |     & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment     Sentence | ☐ 791 Empl. Ret. Inc. |     or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** |     Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations    ☐ 530 General | |     26 USC 7609 |     Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |     Under Equal Access |
| |    Employment    ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |     to Justice |
| | ☐ 446 Amer. w/Disabilities -    ☐ 555 Prison Condition |     Alien Detainee | | ☐ 950 Constitutionality of |
| |    Other | ☐ 465 Other Immigration | |     State Statutes |
| | ☐ 440 Other Civil Rights |     Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21USC 881

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/08/2018 | s/Tamara B. Thomson |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT Waived | APPLYING IFP | JUDGE TJM | MAG. JUDGE CFH |
|---|---|---|---|---|

Case No.: 1:18-CV-0552